UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIC JUNIOR BARRY,<br><br>Defendant. | Case No. 18-cv-505 (DWF/SER)<br><br>**REPORT AND RECOMMENDATION** |

Dominic Barry applied to seek leave to proceed without prepaying fees or costs, or *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Although Barry's claims are not clear, he labeled his action as a "Notice of Removal" and the Court infers he is attempting to remove the state criminal case he cites, 27-cr-17-16275. ECF No. 1 at 1. However, Barry's pleadings are inadequate -- indeed they are almost indecipherable -- and the Court will therefore recommend that the Notice of Removal be vacated and the case remanded.

Barry indicates that he seeks removal under 28 U.S.C. § 1446 but that statute provides only the procedures for removal of *civil* proceedings. *See Minn. v. Bugoni*, 2015 WL 2451255 *1 (D. Minn. 2015) (Section 1446 governs removal of state civil actions and "simply governs the procedures by which civil actions are removed"). Under the removal statute relating to procedures for removal of criminal cases, when a defendant in a state criminal case attempts to remove the case to federal court, the federal district court must promptly examine the Notice of Removal and determine whether the case can properly be removed. 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*. The Court notes at the

outset that Barry has failed to comply with the various procedural requirements for removal of a state criminal case, such as that it be filed within thirty days of the first appearance. *See* 28 U.S.C. § 1455(b); *Minn. v. Bey*, 2012 WL 6139223 n.4 (D. Minn. 2012). Even if he had complied with those procedural requirements, however, Barry's pleadings are insufficient for the Court to infer any basis for removal of this action.

Barry has attached a complaint and hearing notices from the Hennepin County District Court for a criminal case that is pending against him, 27-CR-17-16275. *See* ECF No. 1-2. According to those documents, Barry was charged on July 3, 2017 for gross misdemeanor driving after cancellation and petty misdemeanor speeding. ECF No. 1-1 at 8-11. Aside from these facts, the Court is unable to infer any basis for removal of a state criminal action. Barry appears to believe the state court does not have jurisdiction over him and he provides a rambling and incoherent explanation for this belief.[1] To illustrate, Barry states that he is seeking removal because "[t]he courts had no jurisdictions to determine its own jurisdiction for a basic issue on any case before a tribunal therefor court is an incompetent court of jurisdiction." ECF No. 1 at 2. He further states that he is a "living, breathing thinking soul. Sovereign citizen. Affidavit of reservation of rights (UCC1-308/207)." This "sovereign citizen" argument does not provide an adequate basis for removal to federal court and has been consistently rejected in this District and elsewhere. *See, e.g., U.S. v. Mooney*, 2017 WL 2352002 *3 (D. Minn. 2017) ("sovereign citizen" arguments "have been thoroughly and consistently rejected by courts throughout this

---

[1] The Court notes that 28 U.S.C. § 1443 provides for removal of state criminal prosecutions for violations of civil rights in very limited circumstances not alleged here. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966); *Bugoni*, 2015 WL 2451255 at *2 (the federal statutes that allow for the removal of criminal prosecutions from state to federal court are "extraordinarily limited"); *Minn. v. Bey*, 2012 WL 6139223 *1 & n.5 (D. Minn. 2012) (summarizing applicability of removal statutes to criminal cases).

2

country"); *Kayin v. USA*, 2018 WL 659194 *4 (S.D. Ill. 2018) ("Plaintiff's argument is part of a growing trend, commonly referred to as the 'sovereign citizens' movement. It is premised on faulty reasoning that has consistently been deemed frivolous. . . The argument has no conceivable validity in American law. The laws of the United States apply to all persons within its borders.") (internal quotations omitted). The Court therefore finds that Barry has failed to provide any coherent basis for removal of his state criminal case to federal court.[2]

Because this case is not removable, the Court will recommend that Barry's "Notice of Removal" be vacated, and that this action be immediately remanded to state court. The Court will further recommend that Barry's pending IFP application be denied. *See Headd v. Headd*, 37 F.3d 1503 (8th Cir. 1994), 1994 WL 558185 (unpublished) (IFP application was properly denied where IFP applicant's attempt to remove a state court action to federal court was found to be improper).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Barry's application for leave to proceed *in forma pauperis* (ECF No. 2) be DENIED;

2. Barry's "Notice of Removal" (ECF No. 1) be VACATED; and

---

[2] The Court notes that even if Barry sought to file a civil rights action under 42 U.S.C. § 1983 and not a Notice of Removal, this action would still be recommended for dismissal. Any claim that the State of Minnesota is violating his civil rights on the basis of a "sovereign citizen" argument is frivolous and fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also, e.g., Duwenhoegger v. King*, 2012 WL 1516865 *14 (D. Minn. 2012) ("any argument by plaintiff that he is not subject to the laws of Minnesota or the United States because he is a 'Sovereign Citizen' is frivolous" and listing cases); *Bey v. Bernsen*, 2018 WL 1136907 *1 (E.D. Missouri 2018) (same).

    3. This action be REMANDED to the State District Court for Hennepin County, Minnesota.

Dated: May 25, 2018                      s/ *Steven E. Rau*
                                                     Steven E. Rau
                                                     U.S. Magistrate Judge

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).